UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:18-CR-00099-MOC-DCK

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **GARLIN RAYMOND FARRIS,** | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on defendant's Request for Waiver of Jury Trial. Having considered defendant's motion and reviewed the pleadings, the Court denies the waiver for the following reasons.

Rule 23(a) of the Federal Rules of Criminal Procedure provides: "If the defendant is entitled to a jury trial, the trial must be by jury unless: (1) the defendant waives a jury trial in writing; (2) the government consents; and (3) the court approves." Here, defendant seeks to waive his constitutional right to a jury trial with the government's consent. While the Court recognizes that bench trials offer certain economic and procedural benefits, the interests of justice are best served in a criminal trial by jury.

It is within the court's discretion whether to approve a defendant's waiver of the right to a jury trial. United States v. Van Metre, 150 F.3d 339, 353 (4th Cir. 1998); United States v. Morlang, 531 F.2d 183, 187 (4th Cir. 1975) (holding that a district court's denial of a waiver of the right to a trial by jury will be reversed only if it constitutes manifest error); Sessoms v. United States, No. 7:06-CR-00063-BR, 2010 WL 2593621, at *2 (E.D.N.C. June 23, 2010). A defendant's only constitutional right concerning the method of trial is to an impartial trial by jury. Singer v. United

1

States, 380 U.S. 24, 36 (1965). There is no "federally recognized right to a criminal trial before a judge sitting alone." Singer v. United States, 380 U.S. 24, 34–35 (1965) ("The ability to waive a constitutional right does not ordinarily carry with it the right to insist upon the opposite of that right.").

Trial by jury has been established by the Constitution as the "normal and preferable mode of disposing of issues of fact in criminal cases." Patton v. United States, 281 U.S. 276, 312; Singer, 380 U.S. at 35. Even where a defendant has compelling reasons for wanting to be tried by a judge alone, the mode of trial by jury is surrounded with safeguards to make it as fair as possible—for example, venue can be changed when there is a well-grounded fear of jury prejudice, Fed. R. Crim. Proc. 21(a), and prospective jurors are subject to *voir dire* examination, to challenge for cause, and to peremptory challenge. Fed. R. Crim. Proc. 24(a)–(b); Singer, 380 U.S. at 35, 37 (explaining such safeguards can effectively mitigate prejudice and declining to determine whether there "might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling" that insistence on trial by jury "would result in the denial to a defendant of an impartial trial"). Jury instructions are also effective at mitigating potential prejudice. See United States v. Grannum, 153 F.3d 723 (4th Cir. 1998) ("Since the district court properly advised the jury to separate the conduct of the two defendants, we find that the greatest prejudice suffered by Grannum was that she received what the Constitution guarantees: a trial by an impartial jury."). Given the Constitution's preference for jury trials and the inherent safeguards protecting the integrity of the process, bench trials are ultimately subject to the judge's discretion as "gatekeeper," notwithstanding both parties' consent. See Fed. R. Crim. Proc. 23(a).

Here, defendant has merely requested a waiver of his right to a jury trial and requested the case proceed as a bench trial, without further explanation. There is nothing about this case or about

this defendant to suggest that a jury would impair defendant's right to a fair trial. And defendant has not presented evidence of potential jury prejudice or claimed he would be unable to receive a fair jury trial. Even if he had, the Court would be able to impose or enhance appropriate safeguards to ensure defendant's fair trial rights are adequately protected. As such, the Court finds no constitutional impediment to denying defendant's request for waiver of his right to a trial by jury.

The Court therefore denies defendant's request to receive a bench trial. The interests of justice are best served in a criminal trial by jury and outweigh any economic and procedural advantages of a bench trial. Beyond that, jury trials are subject to constitutional safeguards that make it the most fair and proper method of determining guilt.

## ORDER

**IT IS, THEREFORE, ORDERED** that defendant's Request for Waiver of Jury Trial (#29) is **DENIED**, and the case will proceed as a jury trial.

Signed: November 1, 2018

Max O. Cogburn Jr
United States District Judge