IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00099-RJC-DCK

| USA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARLIN RAYMOND FARRIS | ) | |
| | ) | |

**THIS MATTER** is before the Court upon Defendant's Renewed Motion for a Judgment of Acquittal,[1] (Doc. No. 64), and the government's response in opposition, (Doc. No. 66).

I. BACKGROUND

The defendant proceeded to jury trial on offenses related to an alleged methamphetamine trafficking conspiracy. (Doc. No. 10: Indictment). At the close of the government's proof, the Court denied the defendant's motion to dismiss, finding the evidence in light most favorable to the government was sufficient for the case to go to the jury. The defendant chose to testify on his own behalf. The jury found the defendant guilty of conspiring to distribute at least 50 grams of methamphetamine (actual) in violation of 21 U.S.C. §§ 841(a)(1), 846 (Count One), distributing at least 50 grams of methamphetamine (actual) (Count Two), and possession with intent to

---

[1] The instant motion was filed by trial counsel, who was subsequently replaced when the defendant complained about the quality of her representation. (Doc. No. 67: Motion; Oral Order, July 26, 2019). Current counsel moved to adopt the previously filed motion, (Doc. No. 79), which the Court will grant.

distribute cocaine base (Count Four), but not guilty of distributing fentanyl (Count Three). (Doc. No. 61: Verdict).

II. DISCUSSION

The instant motion seeks a judgment of acquittal under Rule 29 of the Federal Rules of Criminal Procedure. (Doc. No. 64: Motion at 1). Under Rule 29, a guilty verdict must be sustained "if, viewing the evidence in the light most favorable to the prosecution, the verdict is supported by substantial evidence," that is, evidence which a reasonable finder of fact could accept as adequate to support the defendant's guilt beyond a reasonable doubt. United States v. Burfoot, 899 F.3d 326, 334 (4th Cir. 2018). The credibility of witnesses is not considered, and the Court must "assume the jury resolved all contradictions in testimony in the government's favor." Id.

The trial began with the defendant's recorded statement admitting purchasing multiple kilograms of methamphetamine from sources in Atlanta and distributing them through several people in Charlotte and surrounding areas. He told police they would find less than 21 grams of crack cocaine in his apartment, which they did. Six people who distributed drugs, primarily methamphetamine, obtained from the defendant testified about their history of dealing with him and what they knew of his distributing through others. One of them had been caught with just under a kilogram of 100% pure methamphetamine after meeting the defendant at a Wal-Mart in the middle of the night, which was recorded by store security cameras. The jury was free to disregard the defendant's testimony that he

2

only distributed marijuana, but lied to law enforcement agents about dealing methamphetamine to get out of jail as a cooperator. Accordingly, there was substantial evidence supporting the defendant's guilt beyond a reasonable doubt on Counts One, Two, and Four.

III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that

1. current counsel's Motion to Adopt Defendant's Renewed Motion for Judgment of Acquittal (Doc. No. 79), is **GRANTED**; and

2. Defendant's Renewed Motion for Judgment of Acquittal, (Doc. Nos. 64), is **DENIED**.

Signed: September 6, 2019

Robert J. Conrad, Jr.
United States District Judge