IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00099-RJC-DCK

| USA | ) | |
| --- | --- | --- |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| GARLIN RAYMOND FARRIS | ) |  |
|  | ) |  |

**THIS MATTER** is before the Court on the defendant's Motion to Extend the Time to File a Motion for a New Trial Pursuant to Rule 33, (Doc. No. 97); his Motion for New Trial Pursuant to Rule 33, (Doc. No. 98); and the government's response in opposition, (Doc. No. 101).

The defendant was found guilty of three drug trafficking offenses by a jury on April 4, 2019. (Doc. No. 61: Verdict). His appointed trial counsel filed a Renewed Motion for Judgment of Acquittal pursuant to Rule 29 of the Federal Rules of Criminal Procedure on April 8, 2019. (Doc. No. 64). The defendant sent a letter to the Court on June 18, 2019, informing counsel that her services were no longer desired based on her alleged "completely ineffective" assistance, which documented specific complaints about her decisions during the trial. (Doc. No. 67). Current counsel was appointed on July 2, 2019, to replace trial counsel after a hearing. On August 22, 2019, counsel moved to adopt trial counsel's timely filed Renewed Motion for Judgment of Acquittal filed. (Doc. No. 79). The Court granted the motion to adopt, but denied the motion for acquittal on September 6, 2019. (Doc. No. 82: Order).

On October 11, 2019, the Court scheduled the case for a sentencing hearing on November 18, 2019. Counsel moved to continue sentencing until mid-January 2020 to research and address issues raised by the defendant, including the filing of a motion for new trial, (Doc. No. 95), which the Court granted, (Doc. No. 96: Order). On November 27, 2019, counsel filed the instant motions seeking an extension of time based on excusable neglect to file a motion for new trial alleging ineffective assistance by trial counsel. (Doc. Nos. 97, 98). The government objects to the new trial motion as untimely, not warranted by excusable neglect, and lacking merit. (Doc. No. 101).

Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to vacate a judgment and grant a new trial if the interest of justice so requires. However, a motion based on grounds other than newly discovered evidence must be filed within fourteen days of the verdict or finding of guilty. Fed. R. Crim. P. 33(b)(2). The Fourth Circuit has definitively stated that a motion for new trial based on ineffective assistance of counsel must be brought within the time limits in Rule 33. United States v. Smith, 62 F.3d 641, 648, 650-51 (4th Cir. 1995). The appellate court continues to apply Smith to affirm the denial of untimely Rule 33 motions. See e.g. United States v. Burgess, --- F. App'x ---, at *1 (4th Cir. Dec. 19, 2019) ("The motion, therefore, was untimely, and we affirm the district court's denial on the ground that it lacked jurisdiction to hear the motion."); United States v. Gooding, 594 F. App'x 123, 127 n. 4 (4th Cir. 2014) (motion for new trial based on ineffective assistance "must be filed" within 14 days of verdict); United States v.

Barbee, 524 F. App'x 15, 17 (4th Cir. 2013) ("[T]he time limits set forth in Rule 33 are jurisdictional.").

Here, the defendant admits his motion for new trial under Rule 33 is untimely. (Doc. No. 97: Motion to Extend at 2).  Because the government objects on that basis, the Court must deny the Motion to Extend and dismiss the Motion for New Trial as time-barred. Eberhart v. United States, 546 U.S. 12, 17-18 (2005) (finding government waived timeliness objection to Rule 33 motion by not raising it, but holding that "district courts must observe the clear limits of the Rules of Criminal Procedure when they are properly invoked"); see also United States v. Hyman, 884 F.3d 496, 499 (4th Cir. 2017) (under Eberhart, when the government objects to untimely filing, the court's duty to dismiss is mandatory).

Even if the Court were to consider the extending the time under Rule 45(b)(1)(B), it would find that the defendant has not established excusable neglect in this case.  The defendant was aware of trial counsel's performance in early April 2019.  Prior to that time, he had shown proficiency for informing the Court of his needs and dissatisfaction with prior counsel. (Doc. No. 14 (requesting weekly access to law library); Doc. No. 18 (alleging retained counsel had conflict of interest)).  Yet, he did not allege ineffective assistance of trial counsel until June 18, 2019, two months after the time period in Rule 33 expired. (Doc. No. 67).  Although the defendant has not met the requirements to seek a new trial under Rule 33, he will have the opportunity to present his claim of ineffective assistance on direct appeal

and, if necessary, on collateral attack under 28 U.S.C. § 2255. Smith, 62 F.3d at 651.

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Extend the Time to File a Motion for a New Trial Pursuant to Rule 33, (Doc. No. 97) is **DENIED**, and his Motion for New Trial Pursuant to Rule 33, (Doc. No. 98), is **DISMISSED**.

Signed: January 15, 2020

Robert J. Conrad, Jr.
United States District Judge

4