IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:18-CR-00099-RJC-DCK

| USA | ) | |
|---|---|---|
| | ) | |
| v. | ) | ORDER |
| | ) | |
| GARLIN RAYMOND FARRIS | ) | |
| | ) | |

**THIS MATTER** is before the Court on the defendant's pro se Motion for New Trial based on Brady Violations, (Doc. No. 165), the government's response in opposition, (Doc. No. 169), the defendant's Motion Requesting Judicial Notice, (Doc. No. 167), and his Motion to Correct Typographical Error in Motion for New Trial, (Doc. No. 168).

Rule 33(a) of the Federal Rules of Criminal Procedure allows a court to vacate a judgment and grant a new trial if the interest of justice so requires. A motion grounded on newly discovered evidence must be filed within 3 years of the verdict and a motion based on grounds other than newly discovered evidence must be filed within fourteen days of the verdict. Fed. R. Crim. P. 33(b).

The defendant was found guilty of three drug trafficking offenses by a jury on April 4, 2019. (Doc. No. 61: Verdict). The defendant through counsel previously asserted he was entitled to a new trial claiming former trial counsel was ineffective failing to seek dismissal of Count Two based on the government's alleged bad faith failure to obtain potentially exculpatory video footage of a Wal-Mart parking lot. (Doc. No. 98: Motion at 3, 9). The Court dismissed the motion as untimely, (Doc.

No. 109: Order at 3), which the United States Court of Appeals for the Fourth Circuit affirmed, (Doc. No. 125: Opinion at 3).

In the instant motion filed on April 4, 2022, the defendant pro se repackages that claim as a Brady violation and adds a claim that the government failed to correct allegedly false testimony of Silver Jones that she drove her black Dodge Charger to the Wal-Mart where she bought drugs from the defendant. (Doc. No. 165 at 1). The government concedes that the motion is timely, but disputes that it is based on newly discovered evidence and denies that the government engaged in any misconduct. (Doc. No. 169: Response).

"In determining whether a new trial should be granted under Rule 33 of the Federal Rules of Criminal Procedure on the basis of newly discovered evidence, this circuit utilizes a five-part test: (i) is the evidence, in fact, newly discovered; (ii) are facts alleged from which the court may infer due diligence on the part of the movant; (iii) is the evidence relied upon not merely cumulative or impeaching; (iv) is the evidence material to the issues involved; and (v) would the evidence probably result in acquittal at a new trial? Unless the answer to each of these inquiries is affirmative, a new trial is not appropriate." United States v. Chavis, 880 F.2d 788, 793 (4th Cir. 1989) (internal citation omitted).

"To prevail on a Brady claim, the defendant must demonstrate (1) that the evidence is favorable, either because it is exculpatory or impeaching; (2) that the government suppressed the evidence; and (3) that the evidence was material to the defense." United States v. Higgs, 663 F.3d 726, 735 (4th Cir. 2011). Here, the

evidence relating to the parking lot recording and Jones's testimony is neither new nor favorable to the defendant.

At trial, Jones testified that the defendant met her at a Wal-Mart around midnight on June 10, 2017. (Doc. No. 91: Trial Tr. at 335). She reviewed two clips of surveillance video recording, (Gov't Trial Exhibits 23A, 23B), and identified the defendant with her inside and walking out of the Wal-Mart, (Doc. No. 91: Trial Tr. at 338-40). Jones explained that she went to his car where she paid $18,000 for a previous kilogram of methamphetamine and the defendant fronted her another one packaged in a Tupperware container.[1] (Id. at 342). The defendant likewise testified that he met Jones inside the Wal-Mart and walked with her to his car in the parking lot. (Doc. No. 92: Trial Tr. at 533-34). However, he claimed he was there to sell a pound of marijuana, which she refused after examining it. (Id. at 535). A Wal-Mart employee testified that she reviewed all the available surveillance video and, although there were cameras in the parking lot, the only two relevant clips were from inside the store. (Doc. No. 91: Trial Tr. at 391).

The defendant bases one of his Brady claims on the failure of law enforcement to obtain and preserve video recordings from the parking lot cameras. (Doc. No. 165: Motion at 4-11). However, this information is not newly discovered as the Wal-Mart employee testified during the trial about showing an officer all the

---

[1] Jones was later stopped by law enforcement officers, who were tracking her vehicle that evening. (Doc. No. 91: Trial Tr. at 270). They found approximately a kilogram of methamphetamine in a Tupperware container in the trunk. (Id. at 271-73).

available surveillance and trial counsel questioned her about the parking lot recording and the various camera locations there. (Doc. No. 91: Trial Tr. at 391-92). The defendant's own testimony establishes that the parking lot recording would not have been favorable because he admitted meeting with Jones in his car to conduct a drug transaction. He has not shown that the parking lot recordings would have been material to his defense to Count Two, which was based on his alleged intent to sell marijuana, not methamphetamine, to Jones.[2] Accordingly, this issue is without merit.

The defendant bases his other <u>Brady</u> claim on the government's use of allegedly perjured testimony by Jones that she drove a black Dodge Charger to the Wal-Mart. (Doc. No. 165: Motion at 11-15). As noted above, law enforcement was tracking Jones's vehicle on the night at issue. The defendant relies on a GPS report that does not show a "ping" at the Wal-Mart to argue Jones testified falsely. (<u>Id.</u> at 13). This information is not new as the report was provided to trial counsel in discovery.[3] (Doc. No. 169: Response at 5). It is also not favorable or impeaching of Jones's testimony because it merely shows the absence of data from the tracker

---

[2] The defendant testified that he was only selling marijuana during the time at issue and explained that his post-arrest admissions of selling kilogram quantities of methamphetamine were lies to get out of jail and cooperate with law enforcement. (Doc. No. 92: Trial Tr. at 528, 540-44, 550-57).

[3] The defendant has asked the Court to take judicial notice of materials related to his efforts to obtain a copy of the GPS report. (Doc. No. 167: Motion Requesting Judicial Notice). Since the report is attached to the government's response, (Doc. No. 169-2), consideration of his Freedom of Information Act request is not necessary for resolution of the issues before this Court.

between 9:12 pm and 11:59 pm,[4] (Doc. No. 169-2 at 2), where the Wal-Mart recording shows Jones and the defendant together at 11:46 pm, (Gov't Trial Exhibit 20). Thus, the defendant has not shown that Jones committed perjury. He has also not shown that this issue was material to his defense, considering his testimony that Jones drove to the Wal-Mart from out of town,[5] met up with him, and went to his car to buy marijuana, not methamphetamine. (Doc. No. 92: Trial Tr. at 534-35).

**IT IS, THEREFORE, ORDERED** that the defendant's Motion to Correct Typographical Error in Motion for New Trial, (Doc. No. 168), is **GRANTED**. However, the Motion for a New Trial based on Brady Violations, (Doc. No. 165), as amended, is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion Requesting Judicial Notice, (Doc. No. 167), is **DISMISSED as moot.**

Signed: May 19, 2022

Robert J. Conrad, Jr.
United States District Judge

---

[4] The 11:59 ping was at a location approximately 2.4 miles from the Wal-Mart in Charlotte, North Carolina. (Doc. No. 169: Response at 6).

[5] The 9:12 pm ping was at a location in Newton, North Carolina. (Doc. No. 169: Response at 5).

5